## STATE EX REL. JOHN J. PUNCH
### vs.
## LIQUOR CONTROL COMMISSION

Superior Court     New Haven County     File #54082

Present: Hon. ALFRED C. BALDWIN, Judge.

Herbert L. Emanuelson;
Arthur T. Gorman,        Attorneys for the Plaintiff.

Charles J. McLaughlin,
    Attorney General;
Harry L. Brooks,
    Assistant Attorney General, Attorneys for the Defendant.

## MEMORANDUM FILED JANUARY 15, 1938.

BALDWIN, J. The relator seeks a writ of mandamus ordering the Liquor Control Commission to certify to the treasurer of the state that a refund of $1,000.00 is due to the relator, or show cause to the contrary.

It appears that on or about August 17th, 1936, the relator applied to the Commission for a renewal of the hotel permit then held by him and deposited with the Commission the necessary $1,000.00 renewal fee, which fee he now seeks the return of, his requests and demands therefor having been refused.

From the respondent's return it appears that on or about August 20, 1936, the Commission revoked the hotel permit then held by the relator, from which order an appeal was taken.

This appeal appears to have been withdrawn January 30, 1937, and subsequently, relator requested a revocation of the order revoking his hotel permit and that he be granted a restaurant beer permit.

On May 4, 1937, he advised the Commission he desired to withdraw his application for a hotel permit and on May 5, 1937, he formally withdrew that application, returned the hotel permit that had been revoked and demanded return of the $1,000.00 fee paid at the time of making that application.

It appears further from the return that the relator continued to conduct business from August 20, 1936 until May 4, 1937 under the permit in the same manner as though it had not been revoked.

The demurrer attacks this return in that the Liquor Control Act includes no authority to the Commission to retain a renewal fee when a renewal applied for has not been granted, and further that the facts alleged in the return do not constitute a defense to the application for the writ nor do they justify a refusal to return the fee.

The only provisions for the rebate of the permit fees found in the Liquor Control Act are included in **Section 1084c,**

Cumulative Supplement to the General Statutes (1935), as amended by **Section 622d, Supplement to the General Statutes (1937),** and in **Section 623d, Supplement to the General Statutes (1937),** and these provisions provide for a partial rebate "upon the death of a permittee, or the voluntary surrender of a permit, within six months after issuance."

It is to be noted that it appears from the return that the relator conducted business for a period of upwards of eight months after his permit was revoked.

It would appear that the allegations of this return do present facts, which, if established, would constitute a defense in whole or in part to the action.

The demurrer is therefore overruled upon all of its grounds.